■ In the Matter of VAL PABON, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, Respondent. [670 NYS2d 813] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of violating prison disciplinary rules prohibiting inmates from soliciting, selling narcotics, attempting to smuggle contraband into the facility, using facility telephones for narcotic distribution and violating facility correspondence procedures. Upon administrative appeal, however, the determination was reversed on procedural grounds and a rehearing was ordered. After the second hearing, petitioner was again found guilty of the charges. We reject petitioner's claim that respondent erred in ordering a rehearing, and not expungement, of the charges. It has been held that "[w]here, as here, the procedural errors in the first hearing are discovered before a final administrative determination is rendered, a new hearing to correct such errors is proper, even where the errors are of constitutional dimension" (*Matter of Tavares v Piatek*, 245 AD2d 935). Turning now to the issue of substantial evidence, we find that the misbehavior report, combined with the testimony of the Inspector General's investigator and the confidential information he supplied to the Hearing Officer, supports the finding of guilt and establishes that petitioner sold cocaine to an undercover investigator through the mail, that he solicited the undercover investigator to smuggle contraband to him at the facility, offering her between $100 and $500 per trip, and that he had used the facility telephones to arrange for the drug transactions (*see e.g., Matter of Feliciano v Selsky*, 239 AD2d 799). As for the alleged procedural errors cited by petitioner, we first find that the record reveals that the employee assistance petitioner received was adequate and note that, in any event, petitioner has not shown how the assistance he did receive prejudiced his defense (*see, Matter of Joyce v Goord*, 246 AD2d 926). Contrary to petitioner's next contention, we do not find that he was denied the right to call witnesses; petitioner had several wit-

nesses testify on his behalf and those who were denied to him were found to have no personal knowledge of the incident and, thus, no relevant or material testimony to offer (see, 7 NYCRR 253.5 [a]). Petitioner's remaining claims, i.e., that the misbehavior report was defective, that the hearing was untimely and that the Hearing Officer was biased, have been examined and each found to be unavailing.

Cardona, P. J., Mikoll, Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.