■ In the Matter of ROBERTO ROSARIO, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [682 NYS2d 119] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged with violating the prison disciplinary rules that prohibit inmates from assaulting inmates and possessing weapons. A misbehavior report written by Correction Officer Patrick Kilbane alleged that petitioner had slashed another inmate in the face with a razor. After a tier III hearing, petitioner was found guilty of all charges and a penalty was imposed of 365 days' confinement in a special housing unit, with loss of privileges and 365 days of good time. Petitioner's administrative appeal was unsuccessful and petitioner thereafter commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report and Kilbane's testimony that indicated the information relayed by the confidential informant constitute substantial evidence of petitioner's guilt (*see, Matter of McCain v Goord*, 251 AD2d 733; *Matter of Pabon v Coombe*, 249 AD2d 629; *Matter of Cooper v Goord*, 247 AD2d 666). The informant testified before the Hearing Officer and identified petitioner as the inmate who had slashed the victim's face. Moreover, our in camera review of the testimony given by the confidential informant before the Hearing Officer establishes that the informant had been assessed as credible and reliable (*see, Matter of Pabon v Coombe, supra*; *Matter of Torres v Goord*, 242 AD2d 800) and Kilbane testified that the informant had been previously found to be reliable (*see, Matter of Johnson v Goord*, 249 AD2d 617).

Additionally, petitioner has not established that his assistance was inadequate or that any alleged inadequacies prejudiced his defense (*see, Matter of Eckert v Selsky*, 247 AD2d 728). Petitioner's assistant noted that she had interviewed the four witnesses petitioner had wanted to call to testify and the Hearing Officer also spoke to the witnesses to determine their willingness to testify. Petitioner then informed the Hearing Officer that he no longer wanted to call any witnesses.

Nor has petitioner established his conclusory claim that the Hearing Officer did not act in a fair and impartial manner or

offered any support for his allegation of bias (*see, Matter of Hooper v Goord*, 247 AD2d 884). Similarly unavailing is petitioner's contention that he was denied due process because he was not afforded access to the confidential informant's testimony or permitted to cross-examine the informant (*see, Matter of Scott v Coombe*, 228 AD2d 996, *lv denied* 89 NY2d 801).

We have reviewed the remaining contentions advanced by petitioner and find them to be either unpreserved for our review or without merit.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.