In the Matter of WADE HARRIS, Petitioner, v SALLY B. JOHNSON, as Superintendent of Orleans Correctional Facility, et al., Respondents. [696 NYS2d 614] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: In this CPLR article 78 proceeding, petitioner challenges a determination finding him guilty of use of a controlled substance in violation of former inmate rule 113.12 (7 NYCRR 270.2 [B] [14] [former (iii)]). Petitioner contends that he was denied the right to call witnesses and submit documentary evidence; that the Hearing Officer was not fair and impartial; that the determination is not supported by substantial evidence; and that the misbehavior report was retaliatory.

The record does not support the contention that petitioner was denied his right to submit documentary evidence. Petitioner does not identify what documents were withheld, and the assistance forms establish that petitioner received all relevant documents with the exception of the tester's certification. Petitioner was told to ask for that document at the hearing, but did not. In any event, those documents that must be provided to inmates in drug testing cases are identified by regulation (*see,* 7 NYCRR 1020.5 [a]). The tester's certification is not among them, and the petition fails to allege a violation of the regulation. There is no merit to the contention that petitioner was denied his right to call witnesses.

The Hearing Officer did not reveal any bias, prejudge the case, or conduct the hearing in a manner unfair to petitioner (*see, Matter of Ortiz v Rourke*, 241 AD2d 962, 963; *Matter of Barnhill v Coombe*, 239 AD2d 719, 721). The hearing transcript, which is complete, belies petitioner's contention that the Hearing Officer deliberately erased part of the tape.

The determination is supported by substantial evidence (*see, Matter of Lahey v Kelly*, 71 NY2d 135, 138; *Matter of McGill v Coughlin*, 182 AD2d 1103). Petitioner's contention that the misbehavior report was retaliatory was before the Hearing Officer, who was entitled to reject it as a matter of credibility (*cf., Matter of Hendricks v Selsky*, 241 AD2d 745, *lv denied* 91 NY2d 803). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Orleans County, Punch, J.) Present—Denman, P. J., Green, Hayes, Pigott, Jr., and Scudder, JJ.