■ In the Matter of CARMINE CARINI, Appellant, v GLENN GOORD, as Commissioner of Correctional Services, et al., Respondents. [704 NYS2d 741] —Graffeo, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered March 11, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Following an incident wherein he was observed swinging a chair at unknown inmates during a disturbance in the facility auditorium, petitioner, a prison inmate, was charged in a misbehavior report with violating the prison disciplinary rules prohibiting inmates from assaulting or attempting to assault other inmates, fighting, conspiring to take over the facility and engaging in the threat of violence.* Following a tier III disciplinary hearing, the Hearing Officer found petitioner guilty of assaulting or attempting to assault another inmate without commenting on the remaining charges, of which petitioner was apparently found not guilty. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination on procedural grounds. Supreme Court dismissed the petition, prompting this appeal.

Initially, we reject the contention that petitioner was denied effective prehearing assistance and the right to call witnesses because his assistant failed to procure the testimony of certain inmate witnesses. The record reflects that the two witnesses requested on the employee assistant form refused to testify and that the three additional witnesses requested at the hear-

---

* The additional charge of assaulting a staff member was originally included in the misbehavior report but was crossed out by the correction officer who authored the report.

ing provided testimony on petitioner's behalf, at which point petitioner indicated that he had no further witnesses to call (*see, Matter of Rosario v Goord,* 255 AD2d 851; *Matter of Ventimiglia v Coombe,* 233 AD2d 610, 611). We further reject petitioner's claim that the employee assistant's inability to obtain a videotape of the incident constituted a denial of the right to present documentary evidence inasmuch as petitioner was advised that no such videotape existed (*see, Matter of Rosario v Goord,* 265 AD2d 714). Finally, contrary to petitioner's contention, the hearing was timely concluded pursuant to valid extensions granted in order to obtain the testimony of a staff witness and to accommodate petitioner's desire for additional time to consult with his assistant and request additional evidence (*see, Matter of Stokes v Goord,* 254 AD2d 558, *lv denied* 92 NY2d 819; *Matter of Barreto v Goord,* 244 AD2d 610, 611).

Petitioner's remaining claims, including his contention that the Hearing Officer was biased, have been examined and found to be lacking in merit.

Mercure, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.