■ In the Matter of ANDRE COLEMAN, Appellant, v WILLIAM BOYLE, as Correction Counselor, et al., Respondents. [705 NYS2d 419] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Teresi, J.), entered April 21, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services withholding petitioner's good time allowance.

Petitioner is an inmate currently serving a prison sentence of 5 to 10 years upon his conviction of the crimes of rape in the first degree and sexual abuse in the first degree. Based upon a finding that petitioner failed to complete sexual offender treatment, the Time Allowance Committee (hereinafter TAC) withheld three years, six months and one day of petitioner's good time allowance. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and petitioner now appeals.

We affirm. It is well established that a decision to withhold good time credit which is made in accordance with law is not subject to judicial review (*see,* Correction Law § 803 [4]; *Matter of Staples v Goord*, 263 AD2d 943, *lv denied* 94 NY2d 755). Contrary to petitioner's contention, the decision to withhold petitioner's good time allowance was not based upon the application of any "automatic rule" but was made in compliance with applicable regulations which required consideration of petitioner's "entire institutional experience," including any progress made by petitioner in addressing his need for treatment (7 NYCRR 260.3 [b]; 261.2; *see, Matter of Amato v Ward*, 41 NY2d 469, 473-474).

Specifically, TAC reviewed petitioner's institutional record, including the quarterly review reports prepared by petitioner's correctional counselor, which revealed that petitioner refused sexual offender treatment from 1993 until 1996 when he eventually enrolled in a program offered by the facility. Al-

though petitioner ultimately completed the sexual offender treatment program in 1997, the quarterly review reports prepared thereafter indicated that petitioner needed additional counseling. While the record reveals that in 1998 petitioner requested a transfer to another correctional facility that offered a three-phase sex offender therapy program, this belated request was denied due in part to petitioner's history of refusing to attend similar treatment programs. In view of petitioner's unwarranted delay in seeking treatment for the very problem that resulted in his incarceration, TAC's decision to withhold petitioner's good time allowance after considering the relevant factors was neither unreasonable nor contrary to law (*see, Matter of Staples v Goord, supra,* at 944). We have reviewed petitioner's remaining contentions and reject them as lacking in merit.

Crew III, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.