■ In the Matter of DAVID DONATO, Petitioner, v GEORGE DUNCAN, as Superintendent of Great Meadow Correctional Fa-

cility, et al., Respondents. [708 NYS2d 914] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of possessing a controlled substance. Contrary to petitioner's contention, we find that the detailed misbehavior report indicating that a test performed on the substance yielded positive results for marihuana was sufficiently probative to constitute substantial evidence of petitioner's guilt (see, Matter of Rosario v Selsky, 266 AD2d 656).

We also reject petitioner's contention that he was denied the right to call witnesses. The inmate witness who was denied to petitioner was found to have no personal knowledge of the incident and, thus, no relevant or material testimony to offer (see, 7 NYCRR 253.5 [a]; Matter of Pabon v Coombe, 249 AD2d 629). Furthermore, the Hearing Officer did not reveal any bias, prejudge the case or conduct the hearing in a manner unfair to petitioner (see, Matter of Harris v Johnson, 265 AD2d 867, lv denied 94 NY2d 757).

Next, we reject petitioner's contention that he was denied the right to present documentary evidence at the hearing inasmuch as the Hearing Officer advised petitioner that he was informed upon inquiry that no videotape of the incident existed (see, Matter of Rosario v Goord, 265 AD2d 714). We have examined petitioner's remaining contentions and find them to be without merit.

Mercure, J. P., Peters, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.