■ In the Matter of KEVIN BURKE, Appellant, v GLENN GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [710 NYS2d 136] —Appeal from a judgment of the Supreme Court (Bradley, J.), entered April 23, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent withholding petitioner's good time allowance.

Petitioner, a prison inmate, is currently serving a prison sentence of $3^{1}/_{3}$ to 10 years upon his conviction of the crimes of rape in the first degree, sodomy in the first degree and sexual abuse in the first degree. Based upon a finding that petitioner failed to complete sexual offender treatment, the facility time allowance committee withheld three years and four months of petitioner's good time allowance. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and petitioner now appeals.

We affirm. It is well established that a decision to withhold good time allowance which is made in accordance with the law is not subject to judicial review (see, Correction Law § 803 [4]; Matter of Coleman v Boyle, 270 AD2d 739). Contrary to petitioner's contention, the decision to withhold his good time allowance based upon his failure to participate in a sexual offender program was not a violation of his 5th Amendment rights. We are also unpersuaded by petitioner's contention that his failure to participate in "recommended" (rather than "assigned" programs) may not constitute grounds for withholding his good time allowance. While Correction Law § 803 (1) (a) provides that good time allowances may be withheld for an inmate's "failure to perform properly in the duties or program assigned", there is no statutory authority for the contention that an inmate's refusal to participate in "recommended" programs may not be considered in the administrative determination. Given petitioner's failure to receive adequate treatment for the behavior that resulted in his incarceration, the determination to withhold his good time allowance is by no means irrational (see, Matter of Ferry v Goord, 268 AD2d 720, lv denied 94 NY2d 763; Matter of Jones v Coombe, 269 AD2d 632). We have reviewed petitioner's remaining contentions and reject them as lacking in merit.

Cardona, P. J., Mercure, Spain, Graffeo and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.