■ In the Matter of ALPHONZO WHITE, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [718 NYS2d 237] —Rose, J. Appeals (1) from a judgment of the Supreme Court (Canfield, J.), entered September 18, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent withholding petitioner's good time allowance, and (2) from an order of said court, entered February 3, 2000, which denied petitioner's motion for reconsideration.

Petitioner, who is serving an indeterminate prison sentence of 5 to 10 years imposed upon his conviction of rape in the first degree, commenced this CPLR article 78 proceeding to challenge respondent's determination which, upon administrative appeal, affirmed a decision of the facility Time Allowance Committee to withhold petitioner's good time allowance based upon his refusal to participate in an approved sex offender program. Supreme Court dismissed the petition and petitioner appeals.*

Petitioner's procedural due process argument and his claim that he was subject to an improperly promulgated rule were not raised in his petition and, therefore, will not be considered on appeal (*see, Matter of Berrian v Coughlin*, 222 AD2d 990). With regard to petitioner's substantive challenge to the deter-

---

* No appeal lies from the denial of petitioner's motion to reargue and, in any event, he has abandoned that appeal.

mination, a decision to withhold good time allowance made in accordance with the law is not subject to review (*see, Matter of Staples v Goord,* 263 AD2d 943, *lv denied* 94 NY2d 755). This Court has consistently held that where, as here, an inmate failed to accept adequate treatment for the behavior that resulted in the incarceration, a decision to withhold good time allowance is not irrational (*see, e.g., Matter of Burke v Goord,* 273 AD2d 575; *Matter of Coleman v Boyle,* 270 AD2d 739, *lv denied* 95 NY2d 758). We reject petitioner's claims that he was subject to an "automatic rule" (*see, Matter of Coleman v Boyle, supra,* at 739) and that his refusal to participate in a recommended program, as distinguished from an assigned program, cannot be considered in the determination to withhold good time allowance (*see, Matter of Burke v Goord, supra*). There is no basis to disturb the determination and, therefore, the judgment must be affirmed.

Crew III, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs. Ordered that the appeal from the order is dismissed, without costs.