■ In the Matter of FRANK TUSA, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [731 NYS2d 788] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding chal-

lenging a determination finding him guilty of violating prison disciplinary rules that prohibit violent conduct, assaulting other inmates, possessing a weapon, making a false statement and being out of place. According to the misbehavior report, an inmate on "21 company" was seriously injured by "blunt force trauma" to his head. Several inmates were interviewed and they informed the investigator that petitioner and another inmate, both assigned to work as plumbers, were present at the time of the incident and one of them was seen carrying a wrench. An investigation revealed that there were no plumbing work orders for 21 company at that time. Furthermore, confidential sources identified petitioner as the individual who struck the victim with a wrench.

In our view, the determination of petitioner's guilt is supported by substantial evidence considering the detailed misbehavior report, the hearing testimony and the confidential information provided (*see, Matter of Foster v Coughlin*, 76 NY2d 964). Any conflicts in the hearing testimony, including the victim's claim that he received his injuries by accidentally falling in the shower, presented credibility issues for the Hearing Officer to resolve (*see, Matter of Primo v Goord*, 266 AD2d 602, 603). To the extent that petitioner challenges the use of confidential testimony to sustain the findings, the record establishes that the Hearing Officer sufficiently assessed the credibility and reliability of that information (*see, Matter of Martinez v Selsky*, 274 AD2d 726).

Turning to the procedural issues raised herein, we are unpersuaded by petitioner's assertion that he was denied effective prehearing assistance because his assistant failed to interview requested witnesses or provide him with all the requested documents. Inasmuch as the correction officers and the victim of the assault testified at the hearing, petitioner has failed to demonstrate any prejudice by the assistant's failure to interview the requested witnesses (*see, Matter of Borrero v Goord*, 268 AD2d 853). Although one witness refused to testify, he executed a witness refusal form and noted the reason for such refusal (*see, Matter of Jimenez v Goord*, 264 AD2d 918). Additionally, petitioner's assertion that he was improperly denied access to the confidential information is unavailing (*see, Matter of Rosario v Goord*, 255 AD2d 851). With respect to the requested documents, the majority of the information was either provided at the hearing or properly denied on the basis of confidentiality (*see, Matter of Sanabria v Senkowski*, 274 AD2d 799; *Matter of Faison v Goord*, 254 AD2d 658, *appeal dismissed and lv denied* 93 NY2d 827). Furthermore, we find no error in

the Hearing Officer's denial of petitioner's request for access to a separate report determining that the victim would not be placed in involuntary protective custody.

We have examined petitioner's remaining contentions and find them to be without merit.

Mercure, Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.