Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner was found guilty of violating the prison disciplinary rules prohibiting participation in a demonstration and refusing to obey a direct order based upon charges that he had refused a correction officer’s order to report to work in the facility’s mess hall.* Substantial evidence of petitioner’s guilt was presented in the form of the misbehavior report and the testimony of the correction officer who witnessed the charged misconduct (see Matter of Smith v Goord, 307 AD2d 564 [2003]; Matter of Harris v Goord, 284 AD2d 841 [2001]). Petitioner’s explanations for refusing to report for work (i.e., he was not scheduled to work that day and he was suffering from a physical malady) are unavailing, as inmates are not free to choose among the direct orders with which they will comply (see Matter of Cepeda v Goord, 305 AD2d 914 [2003], lv denied 100 NY2d 511 [2003]; Matter of Leake v Goord, 289 AD2d 752 [2001], appeal dismissed 98 NY2d 646 [2002]). Petitioner’s further contention that he considered the officer’s statement to have been more in the *672 nature of a request, rather than a direct order, raised an issue of credibility for resolution by the Hearing Officer (see Matter of Harris v Goord, supra).
Finally, we reject petitioner’s contention that he was denied the right to present documentary evidence in the form of a videotape. It was explained to petitioner that due to a mechanical failure, no videotape of the incident existed; hence, the failure to provide a nonexistent tape cannot be considered a violation of petitioner’s rights (see Matter of Cornwall v Goord, 287 AD2d 911, 912 [2001]; Matter of Carini v Goord, 270 AD2d 663, 664 [2000]). The remaining issues raised herein have been examined and found to be without merit.
Cardona, P.J., Her cure, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

 This incident took place around the time of an inmate work stoppage at Five Points Correctional Facility in Seneca County, where petitioner was incarcerated.