# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1345**
**TP 12-01171**
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF TREVOR SPEARS, PETITIONER,

V                                                    MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (WILLIAM E. STORRS OF
COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Wyoming County [Mark H.
Dadd, A.J.], entered June 20, 2012) to review a determination of
respondent. The determination found after a Tier III hearing that
petitioner had violated various inmate rules.

It is hereby ORDERED that the determination so appealed from is
unanimously modified on the law and the petition is granted in part by
vacating the recommended loss of good time and as modified the
determination is confirmed without costs and the matter is remitted to
respondent for further proceedings in accordance with the following
Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination, following a Tier III hearing, that
he violated inmate rules 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusal to
obey direct order]) and 113.10 (7 NYCRR 270.2 [B] [14] [i] [weapon
possession]). We conclude that the determination is supported by
substantial evidence. "The misbehavior report, together with the
testimony of the correction officer who wrote it and the photograph[]
of the [tweezers inserted into a pen and secured by a shoelace],
constitutes substantial evidence supporting the determination that
petitioner violated [those] inmate rule[s]" (*Matter of Oliver v
Fischer*, 82 AD3d 1648, 1648). Contrary to petitioner's further
contention, the inability of his inmate assistant to obtain a
videotape of the incident did not constitute a denial of his right to
present documentary evidence "inasmuch as petitioner was advised that
no such videotape existed" (*Matter of Carini v Goord*, 270 AD2d 663,
664). Petitioner contends for the first time on appeal that the
Hearing Officer confused him about his right to testify and present
evidence. Thus, "[p]etitioner failed to exhaust his administrative

remedies with respect to that contention, and this Court has no discretionary authority to reach that contention" (*Matter of Alvarez v Fischer*, 94 AD3d 1404, 1406).

Finally, the "penalty is not so disproportionate to the offense as to be shocking to one's sense of fairness" (*Matter of Ciotoli v Goord*, 256 AD2d 1192, 1193). "It is well established that a decision to withhold good time allowance which is made in accordance with the law is not subject to judicial review" (*Matter of Burke v Goord*, 273 AD2d 575, 575, *appeal dismissed and lv denied* 95 NY2d 898). Nevertheless, as respondent correctly concedes, the loss of 12 months' good time imposed is contrary to a prior order of Supreme Court directing that, upon a new hearing, the Hearing Officer could not impose any greater penalty than that imposed after the original hearing, i.e., six months' loss of good time. As a result, the recommended loss of good time must be vacated. We therefore modify the determination accordingly, and we remit the matter to respondent for a determination of the loss of good time that is in compliance with Supreme Court's prior order.

Entered:  February 1, 2013                    Frances E. Cafarell
                                              Clerk of the Court