Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered June 20, 2012) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.
It is hereby ordered that the determination so appealed from is unanimously modified on the law and the petition is granted in part by vacating the recommended loss of good time and as modified the determination is confirmed without costs and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III hearing, that he violated inmate rules 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusal to obey *1136 direct order]) and 113.10 (7 NYCRR 270.2 [B] [14] [i] [weapon possession]). We conclude that the determination is supported by substantial evidence. “The misbehavior report, together with the testimony of the correction officer who wrote it and the photograph[ ] of the [tweezers inserted into a pen and secured by a shoelace], constitutes substantial evidence supporting the determination that petitioner violated [those] inmate rule[s]” (Matter of Oliver v Fischer, 82 AD3d 1648, 1648 [2011]). Contrary to petitioner’s further contention, the inability of his inmate assistant to obtain a videotape of the incident did not constitute a denial of his right to present documentary evidence “inasmuch as petitioner was advised that no such videotape existed” (Matter of Carini v Goord, 270 AD2d 663, 664 [2000]). Petitioner contends for the first time on appeal that the Hearing Officer confused him about his right to testify and present evidence. Thus, “ [petitioner failed to exhaust his administrative remedies with respect to that contention, and this Court has no discretionary authority to reach that contention” (Matter of Alvarez v Fischer, 94 AD3d 1404, 1406 [2012]).
Finally, the “penalty is not so disproportionate to the offense as to be shocking to one’s sense of fairness” (Matter of Ciotoli v Goord, 256 AD2d 1192, 1193 [1998]). “It is well established that a decision to withhold good time allowance which is made in accordance with the law is not subject to judicial review” (Matter of Burke v Goord, 273 AD2d 575, 575 [2000], appeal dismissed and lv denied 95 NY2d 898 [2000]). Nevertheless, as respondent correctly concedes, the loss of 12 months’ good time imposed is contrary to a prior order of Supreme Court directing that, upon a new hearing, the Hearing Officer could not impose any greater penalty than that imposed after the original hearing, i.e., six months’ loss of good time. As a result, the recommended loss of good time must be vacated. We therefore modify the determination accordingly, and we remit the matter to respondent for a determination of the loss of good time that is in compliance with Supreme Court’s prior order. Present—Centra, J.P, Fahey, Sconiers, Valentino and Martoche, JJ.