Matter of Johnson v Annucci (2018 NY Slip Op 03788)





Matter of Johnson v Annucci


2018 NY Slip Op 03788


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

525255

[*1]In the Matter of JOHNATHAN JOHNSON, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: April 3, 2018

Before: Garry, P.J., McCarthy, Clark, Rumsey and Pritzker, JJ.


Jonathan Johnson, Malone, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Feldstein, J.), entered June 27, 2017 in Franklin County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Petitioner, a prison inmate, commenced this CPLR article 78 proceeding seeking a writ of mandamus to compel respondents to issue headphones, instead of earbuds, to him and other special housing inmates in accordance with the terms of the settlement agreement in Peoples v Annucci (180 F Supp 3d 294 [SD NY 2016]). Supreme Court granted respondents' motion to dismiss the petition for lack of standing. Petitioner appeals.
We find no error in Supreme Court dismissing the petition. A review of the petition confirms that petitioner sought a writ of mandamus based upon the terms of the settlement agreement, not, as petitioner now asserts, on a Department of Corrections and Community Supervision directive pertaining to the issuance of headphones to inmates. As the terms of the settlement agreement specifically state that the terms and conditions of the settlement agreement can only be enforced by class counsel, Supreme Court properly dismissed the petition for lack of standing. Further, the Department of Corrections and Community Supervision directive was not raised in the petition as a basis for the relief sought and, therefore, it will not be considered on this appeal (see Matter of White v Goord , 278 AD2d 694, 694 [2000]).
Garry, P.J., McCarthy, Clark, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.