■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT JELICH, Appellant, v HAROLD J. SMITH, as Superintendent of

Attica Correctional Facility, Respondent. — Judgment unanimously modified, on the law, and as modified, affirmed and matter remitted to the Time Allowance Committee for further proceedings, in accordance with the following memorandum: Relator brought this proceeding to contest a decision of the Time Allowance Committee not to grant him any good time. As part of this application, relator seeks to challenge collaterally several underlying superintendent's proceedings which had in prior months culminated in recommendations that relator "lose" some 650 days of good time. Special Term correctly refused to entertain any objections to the first four superintendent's proceedings. Judicial review of such proceedings became time barred four months after the determination became final (CPLR 217) upon exhaustion of, or failure to utilize, the review procedure (see 7 NYCRR 254.7, 254.8). The disposition of a superintendent's proceeding is not rendered nonfinal by language in the regulations providing that a loss of good time is "tentative" until the recommended loss affects consideration for parole or conditional release (see 7 NYCRR 260.4 [b]). This regulation merely recognizes that, since the Time Allowance Committee only meets once every three years with respect to a particular inmate (7 NYCRR 261.3 [a]) or four months before he becomes eligible for conditional release (7 NYCRR 261.3 [b]), the "loss" of good time cannot be actually implemented until then.

The correctness of an underlying superintendent's proceeding, however, is not an issue with which the Time Allowance Committee is concerned. "The function of the time allowance committee * * * is not the investigation and punishment of particular acts of misconduct, charged or uncharged. Instead the time allowance committee evaluates the inmate's prison record and recommends the amount of good behavior allowance to be granted not as a punitive sanction but as a standard measuring the progress, capacity, efforts, and achievement by the prisoner during his stay in prison" (Matter of Amato v Ward, 41 NY2d 469, 473). The Time Allowance Committee's decision is not reviewable, except for errors of law (Correction Law, § 803, subd 4).

With respect to the fifth superintendent's proceeding, conducted on April 13, 1983, this proceeding was invalid and should be expunged from petitioner's prison record (see Matter of Jones v Smith, 120 Misc 2d 445, 452, affd 101 AD2d 705; People ex rel. Corcoran v Smith, 105 AD2d 1142). We remit this matter to the Time Allowance Committee to review relator's status in view of the expungement. (Appeal from judgment of Supreme Court, Wyoming County, Broughton, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.