■ In the Matter of DONALD STAPLES, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [695 NYS2d 190] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered January 6, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner his good time credits.

In 1993, petitioner was convicted of sodomy in the first degree and sentenced to an indeterminate term of imprisonment of 3 to 9 years. On March 16, 1998, the Time Allowance Committee (hereinafter TAC) denied him an allowance for good time on the ground that petitioner had not completed six months of sex offender counseling. TAC informed petitioner that he could request reconsideration upon completion of such counseling. Respondent affirmed TAC's determination on March 30, 1998. On June 18, 1998, citing petitioner's failure to participate in a counseling program, TAC again denied petitioner a good time allowance. This determination was also affirmed by respondent.

Thereafter, petitioner commenced this proceeding pursuant to CPLR article 78 challenging TAC's March 16, 1998 determination and respondent's affirmance thereof. Finding that petitioner's challenge was moot, Supreme Court dismissed the petition. Alternatively, the court rejected petitioner's substantive challenge to TAC's determination, prompting this appeal.

We agree with Supreme Court that petitioner's reappearance before TAC in June 1998 and respondent's affirmance of TAC's denial again of his request for a good time allowance rendered his application to annul the earlier March decision moot (*see*

*generally*, *Matter of Torres v Travis*, 254 AD2d 555; *Matter of Herrera v New York State Bd. of Parole*, 246 AD2d 703). Were we to address the substance of petitioner's claim, we would find it lacking in merit.

It is settled that any decision affecting good time allowances shall not be reviewed so long as it is made in accordance with the law (*see*, Correction Law § 803 [4]). TAC's function is to suggest the amount of good time allowance to be awarded based not upon the application of " 'any automatic rule' ", but upon the inmate's entire institutional experience (*Matter of Amato v Ward*, 41 NY2d 469, at 473, quoting 7 NYCRR 261.3 [e]). Here, TAC did just that. It reviewed petitioner's institutional record and withheld his good time allowance because petitioner had not completed sex offender counseling. In our view, this is not unreasonable given petitioner's failure to receive treatment for the very thing that resulted in his incarceration. As for the contention that petitioner's failure to participate in a sex offender counseling program was due to limited availability of these programs, as evidenced by his waiting-list status, this argument is without merit. Petitioner's records reflect that twice he declined participation in a counseling program and, thus, must bear some responsibility for his delayed treatment.

Cardona, P. J., Crew III, Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.