■ In the Matter of DONALD FERRY, Appellant, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [704 NYS2d 315] —Mugglin, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered December 14, 1998 in Albany County, which, upon reargument, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services withholding petitioner's good time credits.

Petitioner was convicted in 1985 of the crimes of rape in the first degree and burglary in the second degree arising out of an incident wherein he assaulted and raped a handicapped woman. He is currently serving a prison sentence of 10 to 20 years. Following his incarceration, petitioner was advised to enroll in sex offender counseling and in the alcohol and substance abuse treatment program. Petitioner refused, stating that he had no need for sex offender counseling because he could not remember perpetrating the rape, having been in the throes of an alcoholic blackout when the crime was committed. Petitioner declined to participate in the alcohol and substance abuse program because he did not think that it would benefit him.

In August 1997, the prison Time Allowance Committee (hereinafter TAC) recommended that petitioner's good time allowance, 6 years and 8 months, be withheld based primarily on his failure to participate in the suggested programs. This recommendation was administratively affirmed. Petitioner then initiated this CPLR article 78 review proceeding. Supreme Court initially dismissed the petition but, upon petitioner's motion for reargument, reversed that decision. Upon respondents' subsequent motion for reargument, the court annulled its previous decision and again ordered petitioner's application dismissed. We affirm.

In general, TAC's role is to recommend the amount of good time to be awarded, withheld or canceled. In arriving at its recommendation, TAC is not governed by " 'any automatic

rule[s]' " but must instead evaluate an inmate's entire institutional record (*Matter of Amato v Ward*, 41 NY2d 469, 473, quoting 7 NYCRR 261.3 [e]). In this matter, TAC reviewed petitioner's entire record and withheld his good time on the reasonable ground that he had failed to participate in programs designed to rehabilitate the very behaviors that led to his imprisonment (*see, Matter of Staples v Goord*, 263 AD2d 943).

We are unpersuaded by petitioner's contention that his failure to participate in "recommended" (rather than "assigned" programs) may not constitute grounds for withholding good time. While Correction Law § 803 (1) (a) provides that good time allowances *may* be withheld for an inmate's "failure to perform properly in the duties or program assigned", there is no statutory authority for the contention that an inmate's refusal to participate in "recommended" programs may *not* be considered in the Committee's determination. Petitioner's remaining contentions have been reviewed and found to be without merit.

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.