■ In the Matter of JAMES JONES, Appellant, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, Respondent. [703 NYS2d 554] —Appeal from a judgment of the Supreme Court (Bradley, J.), entered December 22, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner his good-time credits.

Petitioner, an inmate currently serving an aggregate prison sentence of 10 to 20 years for his convictions in 1985 of rape in the first degree, assault in the second degree and sexual abuse in the first degree, challenges a determination withholding all of his good-time allowance credits on the basis that he did not adequately participate in recommended anger management or sex offender counseling during his incarceration. Supreme Court dismissed the proceeding on the merits and we affirm. It is well settled that any decision affecting good-time allowances shall not be reviewed so long as it is made in accordance with law (see, Correction Law § 803 [4]). Here, we find that the Time Allowance Committee fulfilled its function of suggesting the amount of good-time allowance to be awarded based upon the inmate's entire institutional experience (see, Matter of Amato v Ward, 41 NY2d 469, 473-474). In that context, petitioner's institutional record was reviewed and his good-time allowance was withheld because, although he participated in a behavior intervention program in 1989 and some sex offender counseling in 1994, he refused to sufficiently participate in and complete certain recommended sex offender and aggression counseling programs. Given petitioner's failure to receive adequate treatment for the very thing that resulted in his incarceration as set forth in this record, we do not find the conclusion that his good-time allowance credits should be withheld to be irrational (see, Matter of Staples v Goord, 263 AD2d 943, lv denied 94 NY2d 755).

We have examined petitioner's remaining arguments, including his claim that he was denied an assistant, and find them to be unpersuasive.

Mercure, J. P., Crew III, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.