■ In the Matter of Louis URBINA, Appellant, v MICHAEL McGINNIS, as Superintendent of Southport Correctional Facility, Respondent. [704 NYS2d 679] —Appeal from a judgment of the Supreme Court (Castellino, J.), entered May 3, 1999 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services denying petitioner's request to restore good-time credits.

Petitioner, a prison inmate, challenges a determination denying his request to restore his good-time credits. A review was conducted by the Time Allowance Committee (hereinafter TAC) on October 29, 1998. At that time, the maximum amount of good time available to petitioner was five years; however, as a result of several prior tier III disciplinary hearings, it had been recommended that petitioner lose a total of three years of good time. At the TAC hearing, petitioner's requests for an employee assistant, to call witnesses and that the review be electronically recorded were denied. Thereafter, upon its review the TAC determined that petitioner was not entitled to any restoration of his good-time allowance, which determination was upheld on administrative appeals. Petitioner subsequently commenced this CPLR article 78 proceeding seeking restoration of the three years of good time. According to petitioner, his constitutional rights were violated by the denial of an opportunity to call witnesses, an assistant and a recording of the hearing. Supreme Court dismissed the proceeding and we affirm.

We are guided by the principle that "any decision affecting good time allowances shall not be reviewed so long as it is

made in accordance with the law" (*Matter of Staples v Goord*, 263 AD2d 943, 944, *lv denied* 94 NY2d 755). Pursuant to Correction Law § 803 (1) (a), good time may be canceled for violation of institutional rules. Since petitioner's loss of good time was a result of prior disciplinary hearings, petitioner was not entitled to another hearing, under 7 NYCRR part 261 (*see,* 7 NYCRR 261.4 [a]; *People ex rel. Hawkins v Scully*, 151 AD2d 527, 528).

Cardona, P. J., Crew III, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.