■ In the Matter of EUGENE PFEIFER, Appellant, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [708 NYS2d 217] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed the petition challenging respondent's determination, upon the recommendation of the Time Allowance Committee (TAC), to withhold 13 months of petitioner's good behavior allowance. "It is settled that any decision affecting good time allowances shall not be reviewed so long as it is made in accordance with the law (*see,* Correction Law § 803 [4])". (*Matter of Staples v Goord,* 263 AD2d 943, 944, *lv denied* 94 NY2d 755, *rearg denied* 94 NY2d 900; *see, Matter of Urbina v McGinnis,* 270 AD2d 535; *People ex rel. Jelich v Smith,* 105 AD2d 1125, 1126, *lv denied* 64 NY2d 606). In making its recommendation, "TAC reviewed petitioner's entire record and withheld his good time on the reasonable ground that he had failed to participate in programs designed to rehabilitate the very behaviors that led to his imprisonment" (*Matter of Ferry v Goord,* 268 AD2d 720, 721). We reject the contention of petitioner that his failure to participate in treatment programs identified in his file as "recommended" rather than "assigned" is not a valid ground for withholding part of his good behavior allowance (*see, Matter of Ferry v Goord, supra*). We further reject the contention that the TAC member who previously served as a Hearing Officer at petitioner's Tier III hearing and recommended 30 days' loss of good behavior allowance was disqualified from participating in TAC's recommendation (*cf., Matter of Pelaez v Waterfront Commn.,* 88 AD2d 443, 447-448). TAC's function was not to review the propriety of that disciplinary determination (*see, People ex rel. Jelich v Smith, supra,* at 1126), but to consider whether petitioner's subsequent behavior merited restoration of the good behavior allowance lost as the result of that determination (*see,* 7 NYCRR 261.3 [b]). (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Green, Wisner and Scudder, JJ.