■ In the Matter of AGIN MAJEED, Appellant, v GLENN S. GOORD, as Commissioner, New York State Department of Correctional Services, et al., Respondents. [719 NYS2d 739] —Mugglin, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered December 8, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services withholding petitioner's good time allowance.

Petitioner is serving an indeterminate prison term imposed upon his conviction of, *inter alia*, attempted rape in the first degree. In 1998, respondent Commissioner of Correctional Services affirmed a decision of the facility Time Allowance Committee which withheld 12 months of petitioner's good time allowance based upon his refusal to participate in a sex offender program. Upon petitioner's continued refusal to participate in a sex offender program, the Time Allowance Committee

subsequently recommended that the remaining two years of his good time allowance be withheld. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding to challenge the second determination. Supreme Court dismissed the petition and petitioner appeals.

A decision to withhold good time allowance made in accordance with the law is not subject to review (*see, Matter of Staples v Goord*, 263 AD2d 943, *lv denied* 94 NY2d 755). We reject petitioner's contention that the 1998 determination to withhold 12 months of his good time allowance affected the discretionary authority of the Commissioner to consider whether to withhold additional good time allowance upon petitioner's continued refusal to participate in a sex offender program (*see*, Correction Law § 803; 7 NYCRR 261.3 [f]; *cf., Matter of Staples v Goord, supra*). Petitioner's procedural due process claim was waived by his failure to appear at the hearing and raise the claim (*see, Matter of Barakat v Goord*, 271 AD2d 776).

Where, as here, an inmate has refused to accept adequate treatment for the behavior that resulted in the incarceration, a decision to withhold good time allowance is not irrational (*see, Matter of Burke v Goord*, 273 AD2d 575, *appeal dismissed and lv denied* 95 NY2d 898; *Matter of Jones v Coombe*, 269 AD2d 632, *lv denied* 95 NY2d 755). That petitioner failed to participate in a recommended program, rather than an assigned program, does not affect the validity of the decision to withhold good time allowance (*see, Matter of Burke v Goord, supra*; *Matter of Ferry v Goord*, 268 AD2d 720, *lv denied* 94 NY2d 763). Nor is there any merit to petitioner's claim that his 5th Amendment rights were violated (*see, Matter of Burke v Goord, supra*). After considering all of petitioner's arguments, we find no basis to disturb the determination.

Peters, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.