■ In the Matter of ANTHONY GODWIN, Appellant, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [722 NYS2d 926] —Carpinello, J. Appeal from a judgment of the Supreme Court (Castellino, J.), entered August 23, 2000 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services withholding petitioner's good-time allowance.

Petitioner commenced this proceeding challenging a determination withholding eight years and eight months of his good-time credits which was based on the results of numerous tier III disciplinary hearings. Petitioner contended that he was denied due process in that he was not afforded an opportunity to be heard at the time of the determination. Supreme Court dismissed the petition and we affirm.

An inmate who loses good-time credits based upon prior disciplinary hearings is not entitled to a further hearing (*see*, Correction Law § 803 [1] [a]; *Matter of Urbina v McGinnis*, 270 AD2d 535). Inasmuch as the decision to withhold petitioner's good-time allowance was made in accordance with the law and was properly based upon petitioner's violation of institutional rules, judicial review is precluded (*see*, Correction Law § 803 [4]; *Matter of Urbina v McGinnis*, *supra*, at 536). Petitioner's remaining claims have been examined and found to be unpersuasive.

Cardona, P. J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.