In the Matter of ANDREW THOMAS, Appellant, v TIME ALLOWANCE COMMITTEE AT ARTHUR KILL CORRECTIONAL FACILITY et al., Respondents. [771 NYS2d 739]—

Mercure, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered February 5, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Com-

missioner of Correctional Services withholding petitioner's good time allowance.

Following his 1992 conviction of the crimes of arson in the second and third degrees, petitioner was sentenced to concurrent prison terms of 8 to 16 years and 6 to 12 years, respectively. In June 2002, while incarcerated at Arthur Kill Correctional Facility in Richmond County, he was formally notified that a hearing would be conducted to determine whether a good time allowance should be withheld from him based upon his past failure to participate in an alcohol and substance abuse treatment (hereinafter ASAT) program. After the hearing, respondent Time Allowance Committee concluded that five years and four months of good time would be withheld from petitioner based upon his "extensive history of refusal to attend substance abuse therapy, [his] denial of his addiction, [and] poor custodial adjustment." This determination was affirmed upon administrative appeal, resulting in this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition, finding that there was a rational basis for withholding petitioner's good time allowance. Petitioner now appeals.

We affirm. It is well settled that "[g]ood behavior allowances are a privilege 'and no inmate has the right to demand or to require that any good behavior allowance be granted' " (*Matter of Bolster v Goord*, 300 AD2d 711, 712 [2002], quoting 7 NYCRR 260.2). A determination whether to grant a good behavior allowance is discretionary and, so long as it is made in accordance with law, such a determination is not subject to judicial review (*see Matter of Bolster v Goord, supra* at 712; *Matter of White v Goord*, 278 AD2d 694, 694-695 [2000]). Notably, this Court has recognized that an inmate's failure to participate in a recommended treatment program provides a rational basis for the denial of a good time allowance (*see Matter of Bolster v Goord, supra* at 713; *Matter of Majeed v Goord*, 279 AD2d 832, 833 [2001], *lv denied* 96 NY2d 713 [2001]).

Here, the denial of the good time allowance to petitioner was based upon his failure to participate in the ASAT program during his incarceration. This is substantiated by the inmate review sheets contained in the record which date back to September 1995 and cover various correctional facilities. Contrary to petitioner's claim, we do not find the evidence unreliable or lacking in probative value. To the extent that petitioner's "poor custodial adjustment" was a consideration in the decision, we agree with petitioner that this is not substantiated by the record. Nevertheless, inasmuch as petitioner's failure to participate in the ASAT program provides an independent rational

basis for the decision, we find no reason to disturb it. Petitioner's remaining arguments are either meritless or not properly presented for our review.

Cardona, P.J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.