In the Matter of JOHN WORTHY, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [773 NYS2d 914]—

Appeal from a judgment of the Supreme Court (LaBuda, J.), entered June 9, 2003 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services withholding petitioner's good time allowance.

Petitioner, serving a sentence of 12½ to 25 years, appeared before the Time Allowance Committee in November 2002 for determination of the amount of good time he would be granted toward the reduction of his sentence (*see* 7 NYCRR part 261). Upon reviewing petitioner's entire institutional record, which included two incidents of misbehavior of a sexual nature, the Committee determined that 15 months of good time credit be withheld in accordance with the recommendations contained in two disciplinary dispositions. Following an unsuccessful

administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

A determination to withhold an inmate's good time allowance "shall be final and shall not be reviewable if made in accordance with [the] law" (Correction Law § 803 [4]; *see Matter of Rivera v Goord*, 297 AD2d 844 [2002], *lv denied* 99 NY2d 503 [2002]). Notwithstanding petitioner's performance of assigned duties, participation in various programs and positive adjustments while incarcerated, his 1990 and 1993 disciplinary rule violations involving lewd and sexual conduct toward female correction officers—resulting in a total recommended loss of 15 months—were properly considered in withholding good time allowance (*see* Correction Law § 803 [1] [a]; *Matter of Godwin v Goord*, 282 AD2d 850, 851 [2001]; *Matter of Urbina v McGinnis*, 270 AD2d 535, 536 [2000]). Accordingly, judicial review is precluded. Furthermore, because petitioner's loss of good time allowance was based upon prior disciplinary hearings, he is not entitled to a further hearing (*see* 7 NYCRR 261.4 [a]; *Matter of Urbina v McGinnis, supra* at 536).

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.