■ In the Matter of STANLEY W. McPHERSON, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [793 NYS2d 230]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered April 28, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services withholding petitioner's good time allowance.

Petitioner, serving a sentence of 10 to 20 years for his conviction of two counts of attempted murder in the second degree and criminal possession of a weapon in the second degree, appeared before the Time Allowance Committee for consideration of the amount of good behavior allowance which would be granted toward the reduction of his sentence (*see* 7 NYCRR 261.3). Upon reviewing petitioner's entire institutional record, including a memorandum from a correction counselor, the Committee withheld all of petitioner's good time allowance, totaling six years and eight months, due to petitioner's failure to participate in a recommended residential substance abuse treatment program. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We affirm. It is well settled that "[g]ood behavior allowances are in the nature of a privilege . . . and no inmate has the right to demand or to require that any good behavior allowance be granted to him [or her]" (7 NYCRR 260.2). A determination by

the Committee is discretionary and, as long as the determination to grant or withhold good time allowance is made in accordance with the law, the determination is not subject to further judicial review (*see* Correction Law § 803 [4]; *Matter of Thomas v Time Allowance Comm. at Arthur Kill Correctional Facility*, 4 AD3d 637 [2004]). Here, petitioner's refusal to participate in a recommended treatment program provides a rational basis for withholding a good behavior allowance (*see Matter of Thomas v Time Allowance Comm. at Arthur Kill Correctional Facility, supra*; *Matter of Bolster v Goord*, 300 AD2d 711 [2002]). Although petitioner contends that the recommendation that he participate in a substance abuse program was in error given the absence of any drug abuse in the underlying crimes or in his institutional record, the record establishes that just prior to committing the instant offense, petitioner asked the victims of the crime where he could buy some "smoke." Furthermore, the presentence investigation report indicates that petitioner admitted to the use of marihuana. Petitioner's remaining contentions, including his assertion that his appearance before the Committee should have taken the form of a transcribed evidentiary hearing, have been reviewed and found to be without merit (*see* 7 NYCRR 261.4; *Matter of Amato v Ward*, 41 NY2d 469, 473-474 [1977]).

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.