■ In the Matter of JAMES BENJAMIN, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [796 NYS2d 747]—

Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered July 8, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services withholding petitioner's good time allowance.

Following his 1992 conviction of robbery in the first degree, petitioner was sentenced as a second felony offender to 6 to 12 years in prison. After a hearing, the Time Allowance Committee decided to withhold all of petitioner's good time allowance and move his release date to his maximum sentence expiration date based upon his failure to participate in recommended substance abuse and aggression management programs. The determination was upheld by respondent Commissioner of Correctional Services and petitioner commenced this CPLR article 78 proceeding challenging said determination. Following joinder of

issue, Supreme Court dismissed the petition, resulting in this appeal.

We affirm. Initially, we note that "[g]ood behavior allowances are a privilege 'and no inmate has the right to demand or to require that any good behavior allowance be granted' " (*Matter of Bolster v Goord*, 300 AD2d 711, 712 [2002], quoting 7 NYCRR 260.2). Whether to grant or deny a good time allowance is discretionary and is not subject to judicial review so long as it is made in accordance with law (*see* Correction Law § 803 [4]; *Matter of White v Goord*, 278 AD2d 694, 695 [2000]). This Court has recognized that an inmate's failure to participate in recommended therapeutic programs provides a rational basis for withholding a good time allowance (*see e.g. Matter of McPherson v Goord*, 17 AD3d 750 [2005]; *Matter of Thomas v Time Allowance Comm. at Arthur Kill Correctional Facility*, 4 AD3d 637, 638 [2004]; *Matter of Burke v Goord*, 273 AD2d 575 [2000], *appeal dismissed and lv denied* 95 NY2d 898 [2000]; *see also* Correction Law § 803 [1] [a]). Inasmuch as that was the reason for withholding petitioner's good time allowance in the case at bar, and his failure to participate is substantiated by signed inmate review sheets and other evidence in the record, there is no basis to disturb the determination at issue. Petitioner's remaining claims are either time-barred or without merit. Accordingly, Supreme Court properly dismissed the petition.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.