■ In the Matter of CHARLES EDWARDS, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [808 NYS2d 841]—

Mercure, J. Appeal from a judgment of the Supreme Court (Stein, J.), entered November 19, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services withholding good time allowance.

Petitioner, having been convicted of multiple sex offenses, was sentenced to an aggregate prison term of 8½ to 17 years. In January 2004, he was transferred from Attica Correctional Facility in Wyoming County to Gowanda Correctional Facility in Cattaraugus County. The Attica Time Allowance Committee, upon its review of petitioner's institutional record, recommended that there be no loss of good time. The Gowanda Time Allowance Committee, however, conducted its own independent review of petitioner's record and recommended that five years and eight months of available good time be withheld from petitioner based upon his persistent refusal to participate in a sex offender program. That decision was ultimately affirmed by respondent Commissioner of Correctional Services, prompting this CPLR article 78 proceeding. Supreme Court dismissed the petition and, upon petitioner's appeal, we now affirm.*

---

* Although petitioner's notice of appeal does not reference the fact that Supreme Court entered an amended judgment, "this technical defect does not inhibit our addressing the merits of this appeal in the interest of judicial economy" (*State Univ. Constr. Fund v Turner Constr. Co.*, 181 AD2d 353, 357 [1992]; *see* CPLR 5520 [c]).

It is well established that "[g]ood behavior allowances are in the nature of a privilege . . . and no inmate has the right to demand or to require that any good behavior allowance be granted to him [or her]" (7 NYCRR 260.2). The determination to withhold a good time allowance is discretionary in nature and, as long as it is made in accordance with the law, it will not be subject to judicial review (*see* Correction Law § 803 [4]; *Matter of Thomas v Time Allowance Comm. at Arthur Kill Correctional Facility*, 4 AD3d 637, 638 [2004]). Here, the record evidence demonstrates that petitioner, on more than one occasion, refused to participate in a recommended sex offender program. Such refusals provided a rational basis for the withholding of petitioner's good time allowance (*see* 7 NYCRR 260.3 [b]; *Matter of McPherson v Goord*, 17 AD3d 750, 751 [2005], *lv denied* 5 NY3d 709 [2005]; *Matter of Bolster v Goord*, 300 AD2d 711, 713 [2002]). Petitioner's remaining contentions, as set forth in his pro se brief, have been examined and found to be lacking in merit.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.