■ In the Matter of Daniel Jones, Appellant, v Glenn S. Goord, as Commissioner of Correctional Services, et al., Respondents. [824 NYS2d 575]—

Appeals (1) from a judgment of the Supreme Court (Connor, J.), entered December 13, 2005 in Albany County, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services withholding good-time credit, and (2) from an order of said court (McCarthy, J.), entered February 28, 2006 in Albany County, which denied petitioner's motion for reargument.

Petitioner is currently serving an aggregate term of 12½ to 25 years in prison upon his conviction of attempted rape in the first degree, burglary in the second degree, sexual abuse in the first degree and endangering the welfare of a child. Following a hearing, respondent Commissioner of Correctional Services adopted the recommendation of the Time Allowance Committee and withheld from petitioner six years and eight months of good-time credit based upon petitioner's failure to complete sex offender and aggression therapy programs. Petitioner requested certain documents under the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]), including a list of all the records in his inmate file. Although he complained that he did not receive all of the information requested, the Department of Correctional Services (hereinafter DOCS) advised him that its response was complete. Petitioner also sought to have DOCS correct allegedly inaccurate information contained in his blotter report and security classification report, which it declined to do. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the withholding of his good-

time credit, DOCS's response to his FOIL request and its failure to correct allegedly erroneous information in his institutional file. Following joinder of issue, Supreme Court dismissed the petition and denied his subsequent motion for reargument. Petitioner now appeals.*

We affirm. Initially, given that petitioner was convicted of a sex crime and failed to participate in recommended counseling programs, the determination to withhold good-time credit had a rational basis (*see Matter of Benjamin v New York State Dept. of Correctional Servs.*, 19 AD3d 832, 833 [2005]; *Matter of Lamberty v Schriver*, 277 AD2d 527, 528 [2000]). Moreover, petitioner received all documents requested that were within DOCS's possession (*see Matter of Rivette v District Attorney of Rensselaer County*, 272 AD2d 648, 649 [2000]). DOCS adequately responded to petitioner's FOIL request and was not required to compile a list of all documents maintained in an inmate's file (*see Matter of Di Rose v New York State Dept. of Correctional Servs.*, 216 AD2d 691, 692 [1995]). Petitioner's remaining arguments, including his claim that DOCS erred in not correcting alleged misinformation in his institutional file, have been considered and found to be unavailing.

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs. Ordered that the appeal from the order is dismissed, without costs.

---

* As no appeal lies from the denial of a motion for reargument (*see Matter of Karlin v Goord,* 18 AD3d 906, 907 n [2005], *lv denied* 5 NY3d 717 [2005]), petitioner's appeal from the order denying reargument must be dismissed.