■ In the Matter of THEODORE F. GIVEN, JR., Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [859 NYS2d 263]—

Appeal from a judgment of the Supreme Court (Lynch, J.), entered November 29, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent withholding petitioner's good time credit.

Petitioner is currently serving a prison sentence of 12½ to 25 years upon his conviction of rape in the first degree and is required to participate in the sex offender counseling program while incarcerated. In 2003, petitioner was removed from the program for poor performance, participation or progress. In September 2005, petitioner reenrolled in the program but was soon placed on probation status based on, among other things, his lack of honesty, insight and empathy. The following month, his probation status was continued due to the need for further assessment. Thereafter, the Time Allowance Committee recommended withholding petitioner's good time credit and that recommendation was confirmed by the facility superintendent and, ultimately, by respondent. Petitioner then commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and petitioner appeals.

We affirm. Respondent's discretionary determination to grant or withhold good time credit is based on a review of an inmate's entire institutional record and is not subject to judicial review as long as it is made in accordance with the law (*see* Correction Law § 803 [4]; *Matter of Bolster v Goord*, 300 AD2d 711, 712 [2002]). Here, petitioner's failure to successfully participate in the sex offender counseling program provides a rational basis

for respondent's decision as it demonstrates petitioner's refusal to address the very conduct that resulted in his incarceration (*see Matter of Martin v Goord*, 45 AD3d 992, 994 [2007], *appeal dismissed* 10 NY3d 756 [2008]; *Matter of Jones v Coombe*, 269 AD2d 632 [2000], *lv denied* 95 NY2d 755 [2000]).

Petitioner's remaining contentions, including his due process claims, have been reviewed and found to be without merit.

Mercure, J.P., Carpinello, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.