In the Matter of Terry Reed, Appellant, v Brian Fischer, as Commissioner of Correctional Services, Respondent. [863 NYS2d 524]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered February 4, 2008 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent withholding petitioner's good time credit.

Petitioner was convicted in 1997 of attempted murder in the second degree and was sentenced to a term of 6 to 18 years in prison. In May 2007, he was directed to appear at a hearing before the Time Allowance Committee (hereinafter TAC) to determine whether any portion of his good time behavior allowance should be withheld after he exhibited violent behavior previously addressed in an aggression therapy program and was removed from an academic program for disciplinary reasons. Following the hearing, TAC recommended that all six years of petitioner's good time be withheld and that, following his completion of another aggression therapy program and participation in either an academic or vocational program, he could reapply for reconsideration. The recommendation was subsequently affirmed by respondent. Petitioner then commenced this CPLR article 78 proceeding challenging the determination and, following joinder of issue, Supreme Court dismissed the petition. This appeal ensued.

Initially, "[i]t is well established that '[g]ood behavior allowances are in the nature of a privilege . . . and no inmate has the right to demand or to require that any good behavior allowance be granted to him [or her]' " (*Matter of Edwards v Goord*, 26 AD3d 659, 660 [2006], *lv denied* 7 NY3d 710 [2006], quoting 7 NYCRR 260.2; *see Matter of Benjamin v New York State Dept. of Correctional Servs.*, 19 AD3d 832, 833 [2005]). Whether to withhold a good time behavior allowance is a discretionary determination and, as long as it is made in accordance with law and is based upon a review of an inmate's entire institutional record, it is not subject to judicial review (*see Matter of Given v Goord*, 51 AD3d 1343, 1343 [2008]; *see also* Correction Law § 803 [4]). The record here discloses that TAC considered petitioner's complete institutional record, including his numerous prior disciplinary infractions as well as his program accomplishments, and petitioner agreed that the key facts were

accurate. Of particular significance were petitioner's recent disciplinary infractions incurred as the result of a fight in which he exhibited behavior inconsistent with a prior aggression therapy program and his removal from an academic program for disciplinary reasons. Inasmuch as a good time allowance may be withheld for "bad behavior, violation of institutional rules or failure to perform properly in the duties or program assigned" (Correction Law § 803 [1] [a]), the withholding of petitioner's good time credit was entirely rational under the circumstances presented here (see e.g. *Matter of Worthy v Selsky*, 6 AD3d 840 [2004]; *Matter of Rivera v Goord*, 297 AD2d 844 [2002], *lv denied* 99 NY2d 503 [2002]). Consequently, Supreme Court properly dismissed the petition.

Cardona, P.J., Spain, Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.