██ In the Matter of GENEO BROWN, Appellant, v DAVID NAPOLI, as Superintendent of Southport Correctional Facility, Respondent. [879 NYS2d 233]—

Appeal from a judgment of the Supreme Court (O'Shea, J.), entered July 22, 2008 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services withholding petitioner's good time allowance.

Following his 1997 conviction of the crime of manslaughter in

the second degree, petitioner was sentenced to a prison term of 5 to 15 years to be served consecutively to a term of 1 to 3 years which he had received for a conviction for criminal possession of a weapon in the third degree. In January 2008, the Correctional facility's Time Allowance Committee recommended that petitioner's good time allowance, six years, be withheld based upon his overall poor disciplinary record, which included repeated violent offenses, and his failure to complete required aggression counseling and transitional services programs. This recommendation was administratively affirmed. Petitioner subsequently initiated this CPLR article 78 proceeding. Supreme Court dismissed the petition and petitioner now appeals.

We affirm. We are satisfied that the discretionary determination to withhold petitioner's good time credit was based on a review of his entire institutional record and was made in accordance with the law and, therefore, is not subject to judicial review (*see Matter of Reed v Fischer*, 54 AD3d 1088, 1088 [2008]; *Matter of Given v Goord*, 51 AD3d 1343, 1343 [2008]; *Matter of Edwards v Goord*, 26 AD3d 659, 660 [2006], *lv denied* 7 NY3d 710 [2006]). The record demonstrates that, between March 1998 and April 2008, petitioner was cited 39 times for misbehavior, including multiple instances of violent conduct, fighting and making threats. In addition, petitioner was precluded from completing required programs due to the excessive disciplinary sanctions he received as a result of these infractions. Therefore, we find a rational basis for the determination (*see Matter of Edwards v Goord*, 26 AD3d at 660; *Matter of McPherson v Goord*, 17 AD3d 750, 751 [2005], *lv denied* 5 NY3d 709 [2005]). To the extent that petitioner argues that he was denied adequate employee assistance, we note that, even had he demonstrated the requisite inadequacy, he failed to show the necessary prejudice in light of the evidence of his copious disciplinary infractions and failure to complete the necessary programs (*see Matter of Russell v Selsky*, 50 AD3d 1412, 1413 [2008]; *Matter of Miller v Goord*, 1 AD3d 647, 648-649 [2003]).

Mercure, J.P., Rose, Kane, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.