■ In the Matter of ALEX TORRES, Appellant, v KEITH DURBRAY, as Director of Special Housing and Inmate Disciplinary Program, Respondent. [882 NYS2d 761]—

Appeal from a judgment of the Supreme Court (Egan, J.), entered September 29, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services withholding petitioner's good time allowance.

Petitioner was convicted of robbery in the first degree, tampering with a witness in the third degree and manslaughter in the second degree and was sentenced to a prison term of 11 to 22 years, which he began serving in 1994. He was disciplined for fighting in November 2007 and directed to appear at a hearing before the Time Allowance Committee (hereinafter TAC) one month later to determine whether any portion of his good time behavior allowance should be withheld (*see* 7 NYCRR 261.3). Based upon petitioner's poor disciplinary history and failure to participate in a mandatory educational program, TAC recommended after the hearing that all 88 months of petitioner's potential good time be withheld. That recommendation was subsequently affirmed by the Commissioner of Correctional Services, prompting petitioner to commence this CPLR article 78 proceeding challenging the determination. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm. "Whether to withhold a good time behavior allowance is a discretionary determination and, as long as it is made in accordance with law and is based upon a review of an inmate's entire institutional record, it is not subject to judicial review" (*Matter of Reed v Fischer*, 54 AD3d 1088, 1088 [2008] [citations omitted]; *see* 7 NYCRR 261.3 [b], [c]). Here, petitioner acknowledges that TAC considered his complete institutional record prior to recommending that his good time allowance be

withheld. Moreover, a review of that record reveals 23 disciplinary infractions, including a violent episode just one month before the TAC hearing. It likewise reflects petitioner's refusal to participate in a mandatory education program despite an awareness that such refusal would have repercussions pertinent to any potential good-time credit. Hence, inasmuch as a good time allowance may be withheld "for bad behavior, violation of institutional rules or failure to perform properly in the duties or program assigned" (Correction Law § 803 [1] [a]), the decision to withhold petitioner's good-time credit was entirely rational (*see Matter of Brown v Napoli*, 62 AD3d 1106, 1107 [2009]). Accordingly, Supreme Court properly dismissed the petition.

Mercure, J.P., Rose, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.