Stein, J.
Appeal from a judgment of the Supreme Court (Connolly, J.), entered January 18, 2012 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent withholding petitioner’s good time allowance.
In July 2008, petitioner was convicted of rape in the second degree and sentenced, as a second felony offender, to 3V2 to 7 years in prison. Shortly before his conditional release date, the Time Allowance Committee recommended that all of petitioner’s good time allowance be withheld until his completion of a sex offender program, which recommendation was affirmed by respondent. Supreme Court dismissed petitioner’s subsequent CPLR article 78 proceeding challenging respondent’s determination and this appeal ensued.
We affirm. Whether to withhold an inmate’s good time allowance is a discretionary determination and is not subject to judicial review “as long as it is made in accordance with [the] law and is based upon a review of [the] inmate’s entire institutional record” (Matter of Torres v Durbray, 64 AD3d 1027, 1027 [2009], lv denied 13 NY3d 709 [2009] [internal quotation marks and citations omitted]). Here, the record establishes that petitioner’s complete institutional record, including his program completions and disciplinary record, was considered in withholding his good time allowance. His record established, among other things, that he had not completed a required sex offender *1213 program, which relates to the specific conduct that resulted in petitioner’s incarceration (see Matter of Maxson v Fischer, 61 AD3d 1192, 1192-1193 [2009]; Matter of Benjamin v New York State Dept. of Correctional Servs., 19 AD3d 832, 833 [2005]). Inasmuch as this provides a rational basis for respondent’s determination, Supreme Court properly dismissed the petition.
Petitioner’s remaining contentions have been reviewed and found to be without merit.
Peters, PJ., Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.