Appeal from a judgment of the Supreme Court (LaBuda, J.), entered March 28, 2012 in Sullivan County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commis *1344 sioner of Corrections and Community Supervision withholding petitioner’s good time allowance.
Petitioner was convicted of two counts of robbery in the first degree and one count each of reckless endangerment in the first degree and assault in the first degree, and was sentenced in 1999 to serve an aggregate prison term of 16 years (People v Thomas, 287 AD2d 326 [2001], lv denied 97 NY2d 688 [2001]). He appeared before the Time Allowance Committee for an assessment as to whether any good time would be applied toward the reduction of his sentence. The Committee determined that all available good time be withheld and, in relevant part, respondent Commissioner of Corrections and Community Supervision agreed upon administrative review. Petitioner commenced this CPLR article 78 proceeding in response, and now appeals from Supreme Court’s dismissal thereof.
We affirm. The determination to withhold some or all of an inmate’s good time credit is a discretionary one, and will be upheld if made in accordance with law and premised upon a review of the inmate’s entire institutional record (see Matter of Procopio v Fischer, 100 AD3d 1292, 1293 [2012]; Matter of Fowler v Fischer, 98 AD3d 1212, 1212 [2012]). Petitioner here has an extensive and serious disciplinary history while incarcerated, and those violations have persisted despite his positive program accomplishments. The Commissioner considered the entirety of that history and institutional record and, as such, acted rationally in withholding all of petitioner’s good time allowance (see Matter of Torres v Dubray, 64 AD3d 1027, 1027 [2009], lv denied 13 NY3d 709 [2009]; Matter of Reed v Fischer, 54 AD3d 1088, 1088-1089 [2008]; see also Correction Law § 803 [1] [a]).
We have considered petitioner’s remaining contentions and find them to be without merit.
Rose, J.P, Spain, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.