Matter of Burnett v Department of Corr. & Community Supervision (2021 NY Slip Op 01463)





Matter of Burnett v Department of Corr. & Community Supervision


2021 NY Slip Op 01463


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

531347

[*1]In the Matter of Gerald Burnett, Appellant,
v
Department of Corrections and Community Supervision, Respondent.

Calendar Date: February 4, 2021

Before: Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Gerald Burnett, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Zwack, J.), entered March 16, 2020 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Corrections and Community Supervision withholding petitioner's good time allowance.
Petitioner is serving multiple sentences for various 2013 convictions. Petitioner appeared before the Time Allowance Committee for an assessment of whether any good time would apply toward the reduction of his sentence. The Committee recommended that all the available good time be withheld because, in 2015, petitioner refused to participate in a sex offender counseling and treatment program. That recommendation was affirmed by the Commissioner of Corrections and Community Supervision. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Following joinder of issue, Supreme Court dismissed the petition, and this appeal ensued.
We affirm. "The determination to withhold some or all of an inmate's good time credit is a discretionary one, and will be upheld if made in accordance with law and premised upon a review of the inmate's entire institutional record" (Matter of Thomas v Fischer, 106 AD3d 1343, 1344 [2013] [citation omitted]; see Matter of Fowler v Fischer, 98 AD3d 1212, 1212 [2012]). The record establishes that petitioner refused to participate in a mandatory sex offender treatment program despite being informed that such refusal could result in the loss of good time credit. Inasmuch as good time allowance may be withheld for failure to engage in an assigned program (see Correction Law § 803 [1] [a]), a rational basis exists for the decision to withhold petitioner's good time (see Matter of Fowler v Fischer, 98 AD3d at 1212-1213; Matter of Torres v Dubray, 64 AD3d 1027, 1028 [2009], lv denied 13 NY3d 709 [2009]; Matter of Brown v Napoli, 62 AD3d 1106, 1107 [2009], lv denied 13 NY3d 706 [2009]). To the extent that petitioner seeks to challenge the propriety of the 2015 decision that he participate in a sex offender treatment program, this was not a matter properly before the Committee, but is more appropriately the subject of the inmate grievance procedure (see e.g. Matter of Smith v Department of Corr. & Community Supervision, 142 AD3d 1212, 1213 [2016]; Matter of Torres v Fischer, 73 AD3d 1355, 1356 [2010]; Matter of Martin v Goord, 45 AD3d 992, 993 [2007], appeal dismissed 10 NY3d 756 [2008]). Petitioner's remaining contention is without merit.
Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.