Matter of Dixon v Annucci (2022 NY Slip Op 04770)

Matter of Dixon v Annucci

2022 NY Slip Op 04770

Decided on July 28, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 28, 2022

533153
[*1]In the Matter of Echo Westley Dixon, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:June 17, 2022

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Echo Westley Dixon, Marcy, appellant pro se.
Letitia James, Attorney General, Albany (Sean P. Mix of counsel), for respondent.

Appeal from a judgment of the Supreme Court (O'Connor, J.), entered April 12, 2021 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent withholding petitioner's good time allowance.
Petitioner, an incarcerated individual currently serving an aggregate prison sentence of 20¼ to 23½ years, appeared before the correctional facility's time allowance committee in June 2020 for a determination of the amount of good time he would be granted toward the reduction of his sentence (see 7 NYCRR part 261). At the time, petitioner had accrued three years and two months of good time credit eligibility. Upon review of petitioner's institutional record, which includes determinations of numerous violations of prison disciplinary rules that resulted in recommendations that over 12 years of good time credit be withheld, the committee determined that all of petitioner's good time credit be withheld. That determination was upheld on administrative appeal, and petitioner commenced this CPLR article 78 proceeding, claiming that his constitutional rights were violated by alleged procedural defects at his time allowance hearing. Supreme Court dismissed the petition and this appeal ensued.
We affirm. "A determination to withhold an [incarcerated individual's] good time allowance 'shall be final and shall not be reviewable if made in accordance with [the] law'" (Matter of Worthy v Selsky, 6 AD3d 840, 841 [2004] [citation omitted], quoting Correction Law § 803 [4]). Clearly, the committee may properly consider petitioner's institutional record when determining good time allowance as "good time may be canceled for violation of institutional rules" (Matter of Urbina v McGinnis, 270 AD2d 535, 536 [2000]; see Correction Law § 803 [1] [a]). Significantly, an incarcerated individual who loses good time credit as the result of prior disciplinary hearings is not entitled to a time allowance committee hearing under 7 NYCRR part 261 (see 7 NYCRR 261.4 [a]; Matter of Godwin v Goord, 282 AD2d 850, 851 [2001]). As the record reflects that petitioner's loss of good time credit was the result of prior disciplinary hearings, he was not entitled to a time allowance hearing (see Matter of Worthy v Selsky, 6 AD3d at 841; Matter of Godwin v Goord, 282 AD2d at 851). Thus, petitioner's procedural arguments with respect to his hearing are unavailing (see Matter of Urbina v McGinnis, 270 AD2d at 536).
Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.