Matter of White v Martuscello (2025 NY Slip Op 05384)

Matter of White v Martuscello

2025 NY Slip Op 05384

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND KEANE, JJ.

673 TP 25-00359

[*1]IN THE MATTER OF CARLOS WHITE, PETITIONER,
v
DANIEL F. MARTUSCELLO, III, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SEAN P. MIX OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Donald G. O'Geen, A.J.], entered February 25, 2025) to review a determination of respondent. The determination withheld petitioner's good behavior allowance. 
It is hereby ORDERED that said amended petition is unanimously dismissed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination, upon the May 2024 recommendation of the Time Allowance Committee (TAC), to withhold 1 year, 8 months, and 20 days of petitioner's good behavior allowance based on his failure to complete certain treatment requirements. Even assuming, arguendo, that the amended petition raised a substantial evidence issue and thus that the proceeding was properly transferred to this Court (see generally Matter of Alvarez v Fischer, 94 AD3d 1404, 1405 [4th Dept 2012]), we conclude that the amended petition must be dismissed.
Subsequent to the determination challenged by petitioner, the TAC recommended, and respondent affirmed, that all but 5 months and 9 days of petitioner's good behavior allowance should be restored to him based on his compliance with the treatment requirements. That subsequent determination renders petitioner's challenge to the earlier determination moot (see generally Matter of Gonzalez v Department of Corr. & Community Supervision, 107 AD3d 1283, 1283 [3d Dept 2013]; Matter of Staples v Goord, 263 AD2d 943, 943-944 [3d Dept 1999], lv denied 94 NY2d 755 [1999], rearg denied 94 NY2d 900 [2000]).
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court