Matter of Gamboa v Martuscello (2026 NY Slip Op 01891)

Matter of Gamboa v Martuscello

2026 NY Slip Op 01891

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, SMITH, AND DELCONTE,
JJ.

152 TP 25-01429

[*1]IN THE MATTER OF CLIFFORD GAMBOA,
PETITIONER,
vDANIEL F. MARTUSCELLO, III, ACTING COMMISSIONER,
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT. 

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R.
NOWOTARSKI OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (TAYLOR A. SUTTON OF
COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of
the Supreme Court in the Fourth Judicial Department by order of the Supreme Court,
Wyoming County [Donald G. O'Geen, A.J.], entered August 18, 2025) to review a
determination of respondent. The determination withholds one year and four months of
good time against petitioner's sentence. 
It is hereby ORDERED that the determination is unanimously confirmed without
costs and the amended petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to
annul respondent's determination, upon the recommendation of the Time Allowance
Committee (TAC), to withhold the entirety of petitioner's good time available based on,
inter alia, his failure to complete alcohol and substance abuse training and aggression
replacement training. Even assuming, arguendo, that the amended petition raised a
substantial evidence issue and thus that the proceeding was properly transferred to this
Court (see Matter of White v
Martuscello, 242 AD3d 1546, 1547 [4th Dept 2025]), we conclude that it lacks
merit.
"It is settled that any decision affecting good time allowances shall not be reviewed
so long as it is made in accordance with the law" (Matter of Pfeifer v Goord, 272
AD2d 886, 886 [4th Dept 2000] [internal quotation marks omitted]; see
Correction Law § 803 [4]). Here, we conclude that the TAC's determination was
made in accordance with the law inasmuch as it was based on the undisputed ground that
petitioner had failed to complete the indicated programs (see Matter of McPherson v
Goord, 17 AD3d 750, 751 [3d Dept 2005], lv denied 5 NY3d 709
[2005]; Pfeifer, 272 AD2d at 886; Matter of Staples v Goord, 263 AD2d
943, 944 [3d Dept 1999], lv denied 94 NY2d 755 [1999], rearg denied 94
NY2d 900 [2000]).
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court